IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

BRIAN MARQUINCE LONG,

    Plaintiff,

v.                                                   No. 1:17-cv-01141-JDB-cgc

HENRY COUNTY JAIL, STAFF OFFICER
FNU THOMAS, PATROLMAN FNU MYRICK,
CORPORAL FNU WHITAKER, OFFICER FNU
COFFMAN, BENTON COUNTY JAIL, LIEUTENANT
STEVE PAGE, CAPTAIN FNU PHILLIPS
and JOHN KRISENSKI,

    Defendants.

---

ORDER DISMISSING CLAIMS AND GRANTING LEAVE TO AMEND

---

On April 26, 2017, Plaintiff, Brian Marquince Long, an inmate then incarcerated at the Henry County Jail in Paris, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 as well as a motion to proceed *in forma pauperis*. (Docket Entry ("D.E.") 1, 2.) The Court granted Plaintiff leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)–(b). (D.E. 4.)

## I.    BACKGROUND

In his complaint, the inmate states that he was subjected to a laundry list of conduct that violated his federal constitutional rights, which he has separated into five claims. (D.E. 1 at PageID 2.) The complaint is sparse on factual allegations, making it difficult for the Court to effectively understand what, exactly, Long is asserting. In claim one, Plaintiff asserts that Defendant, Staff Officer FNU Thomas, "sexually assaulted and sexually abused" him on March 13, 2017, at the Henry County Jail "by inserting his finger up [Long's] rectum." (*Id.*) The

1

second claim alleges that Defendants, Officer FNU Coffman and Corporal FNU Whitaker, "intimidated" Plaintiff and "put [him] in fear" at Henry County Jail on May 20, 2017. (*Id.*) In his third claim, Long maintains that Defendant, Patrolman FNU Myrick, racially profiled him and "retaliated with discrimination by targeting" him on February 1, 2017 in Henry County, Tennessee. (*Id.*) In claim four, the inmate submits that he was subject to cruel and unusual punishment as a result of the threats and intimidation of Defendant, Lieutenant Steve Page. (*Id.*) The fifth claim asserts a "violation of order to transport, bre[a]ch of security, [and] failure to notify couns[e]l" against Defendants Henry County Jail, Lieutenant Steve Page, Benton County Jail, Captain FNU Phillips, and John Krisenski on May 26, 2017. (*Id.*) Plaintiff states no further facts that explain or connect any of this conduct.

## II. SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). To assess whether the complaint states a claim on which relief may be granted, the Court applies the pleadings standard under Federal Rule of Civil Procedure 12(b)(6), announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide

the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Despite being "held 'to less stringent standards,'" *pro se* parties, including those that are incarcerated, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

### III.　ANALYSIS

42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of a right "secured by the 'Constitution and laws' of the United States" (2) committed by a defendant acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

*Claim One*

Plaintiff's allegations of sexual assault and harassment are best understood as claims of illegal search, in violation of the prisoner's Fourth Amendment right to be free from unreasonable searches and seizures, and excessive force, in violation of his Eighth Amendment

3

right to be free from cruel and unusual punishment. Both of these claims suffer from the same fatal flaw: the complaint fails to explain why the digital search was illegal.

Strip searches are not per se unconstitutional under the Fourth Amendment. *See Jackson v. Herrington*, 393 F. App'x 348, 354 (6th Cir. 2010) (finding a jail's policy that all transferees be strip searched constitutional) (citing *Bell v. Wolfish*, 441 U.S. 520, 558 (1979)). This is "[b]ecause 'the difficulties of operating a [prison] must not be underestimated by the courts.'" *Stoudemire v. Michigan Dept. of Corr.*, 705 F.3d 560, 571 (6th Cir. 2013) (alteration in original) (quoting *Florence v. Bd. Of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 326 (2012)). When analyzing the constitutionality of such a search, a court must engage in a three-step analysis:

> First, we determine the nature of intrusion, "examin[ing] the scope, manner, and location of the search." Second, we "evaluate the need for the search, giving due deference to the correctional officer's exercise of her discretionary functions." And third, "we determine whether the search was reasonably related to legitimate penological interests by weighing the need against the invasion."

*Sumpter v. Wayne Cty.*, 868 F.3d 473, 482 (6th Cir. 2017) (internal citations omitted) (citing *Stoudemire*, 705 F.3d at 572). Long has not provided the Court with any context for the search, and because of this, his statement that the search amounted to sexual assault or harassment is a mere conclusion of law.

This reasoning also applies to Plaintiff's Eighth Amendment claim. Long's statement that his anus was digitally penetrated along with an insistence that this amounted to misconduct is not enough information to pass muster under the pleading standards laid out above. *See Robb v. Davis*, Civil Action No. 3:07CV-P195-H, 2007 WL 2407235 (W.D. Ky. Aug. 21, 2007) ("The mere fact that [the defendant] penetrated Plaintiff's anus in and of itself is not enough to show malicious conduct.") For these reasons, Claim One is DISMISSED.

*Claims Two through Five*

Plaintiff's remaining claims suffer from a similar deficiency. However, the paucity of factual allegations in these claims prevents the Court from engaging in even the most rudimentary of analyses. Because of this, these claims are also DISMISSED.

## IV. LEAVE TO AMEND

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid sua sponte dismissal under the Prison Litigation Reform Act, Pub. L. No. 104-34, 110 Stat. 1321 (1996). *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The gravamen of the inmate's complaint could potentially be of a very serious nature. The Court finds it appropriate to provide him an opportunity to properly assert those claims and, therefore, grants leave to amend the complaint.

That Long has frequently filed complaints that have been dismissed for various reasons has not escaped the Court's notice. *See, e.g., Long v. Henry County Sheriff and Police Dep't*, 1:15-cv-01236-JDT-cgc, (D.E. 16) (Aug. 16, 2018) (dismissing Plaintiff's claims and assessing a first "strike"). Accordingly, if Plaintiff fails to properly amend his complaint within the time the Court allows him. the Court will dismiss this action for failure to state a claim and assess another "strike" for the purposes of 28 U.S.C. § 1915(g).

## V. CONCLUSION

Accordingly, Long's claims are DISMISSED. If Plaintiff desires to file an amended complaint as outlined herein, he must do so within thirty days of the entry of this order.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in

good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

IT IS SO ORDERED this 4th day of October 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE